JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| DENNIS PETILLO, JR., ) | Case No. CV 17-08062-JFW (AS) |
| Petitioner, ) | **ORDER OF DISMISSAL** |
| v. ) | |
| LOS ANGELES DEPT. OF CHILDREN ) & FAMILY SERVICES, ) | |
| Respondent. ) | |

## I. BACKGROUND

On November 3, 2017, Dennis Petillo, Jr. ("Petitioner"), a proceeding pro se, filed a "Petition for Writ of Habeas Corpus" ("Petition"). (Docket Entry No. 1). The Petition alleged that Child Services failed to investigate Petitioner's complaint that his sister had been molested by their father, in violation of the prohibition against cruel and unusual punishment under the First, Eighth and Fourteenth Amendments. (Petition at 3).

1

On November 8, 2017, the Court screened the Petition and found it to be deficient in the following respects: "(1) It is not clear whether Petitioner is attempting to file a Petition for Writ of Habeas Corpus by a Person in State Custody (pursuant to 28 U.S.C. § 2254), or some other pleading (i.e., a civil rights action pursuant to 42 U.S.C. § 1983); (2) The Court is unable to discern what claim(s) Petitioner intends to assert; (3) Petitioner has failed to name the proper Respondent (the name of the officer having custody over him); (4) Petitioner has failed to plainly state "[t]he statutory or other basis for the exercise of jurisdiction by this Court," in violation of Central District Local Rule 8-1 and Fed.R.Civ.P. Rule 8(a); (5) Assuming the pleading is a Petition for Writ of Habeas Corpus by a Person in State Custody, Petitioner has failed to specify any understandable ground for relief and does not include any supporting facts, in violation of Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts; (6) Petitioner has alleged vague and conclusory "claims," in violation of Fed.R.Civ.P. Rule 8(a) and 8(d); (7) Petitioner has failed to allege any claim(s), much less any claims which go to the fact or duration of his confinement. See Preiser v. Rodriquez, 411 U.S. 475, 489 (1973); and (8) It is not clear whether Petitioner has exhausted his state remedies with respect to each "claim" alleged in the Petition." (Docket Entry No. 3 at 1-2). The Court ordered Petitioner to file a First Amended Petition on the proper Central District form by November 29, 2017, and informed Petitioner that, "The First Amended Petition shall be complete in itslef, must not incorporate by reference any other pleading, and should set forth each claim

which Petitioner[] intend[s] to raise in this proceeding and the factual bases for each claim. (Id. at 2).

On November 13, 2017, Petitioner filed a "First Amended Petition for Writ of Habeas Corpus" ("First Amended Petition"). (Docket Entry No. 4). The First Amended Petition appeared to allege inter alia that Petitioner attempted to protect himself following his father's threats to murder him, resulting in the violation of the prohibition against cruel and unusual punishment under the First, Eighth and Fourteenth Amendments. (First Amended Petition at 3).

On November 17, 2017, the Court issued an Order finding the First Amended Petition was deficient in the following respects: "(1) It is not clear whether Petitioner is attempting to file a First Amended Petition for Writ of Habeas Corpus by a Person in State Custody (pursuant to 28 U.S.C. § 2254) , or some other pleading (i.e., a civil rights action pursuant to 42 U.S.C. § 1983); (2) The Court is unable to discern what claim(s) Petitioner intends to assert; (3) Petitioner has failed to name the proper Respondent (the name of the state officer having custody over him, i.e., prison warden). Petitioner's father is not a proper respondent.; (4) Petitioner has failed to plainly state "[t]he statutory or other basis for the exercise of jurisdiction by this Court," in violation of Central District Local Rule 8-1 and Fed.R.Civ.P. Rule 8(a); (5) Assuming the pleading is a First Amended Petition for Writ of Habeas Corpus by a Person in State Custody, Petitioner has failed to specify any understandable

3

ground for relief and does not include any supporting facts, in violation of Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts; (6) Petitioner has alleged vague and conclusory "claims," in violation of Fed.R.Civ.P. Rule 8(a) and 8(d); (7) Petitioner has failed to allege any claim(s), much less any claims which go to the fact or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); and (8) It is not clear whether Petitioner has exhausted his state remedies with respect to each "claim" alleged in the First Amended Petition." (Docket Entry No. 5 at 1-2). The Court ordered Petitioner to file a Second Amended Petition on the proper Central District form by December 8, 2017, and informed Petitioner that, "The Second Amended Petition shall be complete in itslef, must not incorporate by reference any other pleading, and should set forth each claim which Petitioner intends to raise in this proceeding and the factual bases for each claim. Id. at 2. The Court expressly warned Petitioner that his failure to comply with the the Order would result in a recommendation that this action be dismissed for failure to comply with the Court's Order and/or for failure to prosecute pursuant to Fed.R.Civ.P. 41(b)). (Id.).

On December 27, 2017, the Court issued a Report and Recommendation recommending the dismissal of this action based on Petitioner's failure to comply with the Court's Order dated November 17, 2017 and/or for failure to prosecute. (Docket Entry No. 7).

On January 24, 2018, Petitioner filed what the Court

construed as a Second Amended Petition by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Second Amended Petition"). Docket Entry No. 8).

Based on the filing of the Second Amended Petition, on January 29, 2017, the Court issued an Order vacating the December 27, 2017 Report and Recommendation. (Docket Entry No. 9).

The Second Amended Petition asserts the following grounds for federal habeas relief: (1) "Violation of 1st[,] 8th[,] 14th Amendment Constitution Bill of Rites (sic) Terrorist Threats Harrasment (sic) Tourcher (sic) Cruel Unusual Punishment[.] Mr. Volio Medina are (sic) a known gang member aka Lil Scrap objective to notify the courts government of these illegal criminal activity (sic) I had witnessed engage in the exchange of gun fire warfare felony pimpin (sic) and pandorin (sic) to prostitution solicitin' the owner of a (sic) illegal fire arm child abuse father of 3 children molestation rape[.]; and (2) White v. Wells Fargo Guard Serv[,] 908 F Supp 1570 MD Ala 1995 Harrasment (sic)[,] Pellerin v. Martin Marigafta Manned Space Inc.[,] 63 Fair Empl Prac Cas BNA 985[.] EDLA 1993 Racial Discrimination." (Second Amended Petition at 5).

A Petition for Writ of Habeas Corpus can only be filed by a petitioner who is in state custody and contends that such custody is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(c).

The claims alleged in the Petition are incomprehensible, vague and conclusory. See Hendrix v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) ("Summary dismissal is appropriate only where the allegations in the petition are 'vague [or] conclusory" or palpably incredible . . . 'or patently frivolous or false.'")(citations omitted).

In addition, Petitioner has failed to allege any claim(s), much less any the claims which go to the fact or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).

Because Petitioner does not state a claim for relief under 28 U.S.C. § 2254, dismissal of the Petition is warranted.

## II. ORDER

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 7, 2018

_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented by:

/ s /
_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE